# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 905

SCHAEFFER v. SPITZIG

Ohio Appeals, 9th District, Lorain County
No. 252. Decided Oct. 4, 1923

**67. BROKERS.**

Real estate broker is not entitled to commission by the mere fact that the person with whom he unsuccessfully negotiated induced another to purchase —Nor in absence of bad faith shown for sale after revocation of agency.

WASHBURN, J.

Epitomized Opinion

Schaeffer offered plaintiff company a commission if plaintiff obtained a purchaser of his farm. The company took two men to see the farm. Later Schaeffer notified the company to make no further effort to sell. Thereafter Schaeffer sold the property by contract to the father-in-law of the two men to whom the company had shown it, and at the request of the father-in-law deeded the property to his daughters, the wives of said two men, who with their husbands took possession. Plaintiff company brought this action against Schaeffer for the commission and recovered judgment in the Common Pleas. Schaeffer prosecuted error. Held:

1. To entitle plaintiff to recover the jury must have found two facts: (1) That the two men to whom the property was shown were the real purchasers of it; and (2) that Schaeffer in revoking the agency did not act in good faith, but intended to avoid paying the commission to plaintiff. The court charged that if what plaintiff did in procuring two purchasers was the moving cause in bringing about the sale, plaintiff should recover. This was error. The mere fact that a person with whom the broker unsuccessfully negotiated for a sale called the attention of another to the property and that the other finally bought it, does not give the broker the right to the commission.

2. The court charged that if "the said two parties the plaintiff did procure were ready, willing and able to purchase said property, although they may not have reached that conclusion until the time said deeds were made from defendants . . . " defendants would be liable. This was erroneous because it disregarded the revocation of the agency to sell. A broker is not entitled to a commission on a sale made by the principal after the agency has been properly revoked. The question as to bad faith in the revocation of the agency was not mentioned in the charge, which in its reference to finding a customer ready to purchase was therefore misleading.

Since the customer was produced, if at all, after the revocation, plaintiffs could recover only if the revocation were made in bad faith. Reversed and remanded.

Attorneys—T. A. Conroy, Elyria, for Schaeffer; Frank Wilford, Elyria, for Spitzig.

---

No. 906

McKAY v. STATE

Ohio Appeals, 8th District, Cuyahoga County
No. 4913. Decided Nov. 19, 1923

**129. CRIMINAL LAW.**

Withdrawal allowed after sentence of plea of guilty of embezzlement, induced by promises of leniency, and proof of offset established.

VICKERY, J.

Epitomized Opinion

McKay was indicted for embezzling funds of Born Steel Range Co. He waived extradition from Missouri, pleaded guilty, and was sentenced to the penitentiary from eight to ten years. His motion to withdraw his plea of guilty and interpose a plea of not guilty after his sentence, was overruled. The evidence disclosed that A. J. Harvey and his attorney, Mr. Keenan, went to St. Louis together with an assistant prosecutor and promised McKay leniency if he would come back to Ohio and plead guilty, that they would nolle the indictment against his wife and other indictments against him. It was further disclosed that the money which McKay was accused of embezzling probably belonged to a company which Harvey controlled and this company owed McKay money in excess of which McKay is accused of having embezzled. In reversing the judgment the Court of Appeals held:

1. "There are very grave doubts as to whether this man was guilty of the crime of embezzlement or any other crime against the Born Steel Range Co. and there is a very serious question whether the Co. controlled by Harvey or Harvey himself could prosecute a claim against him by reason of the offset he would have against them, and so under the circumstances, he having pleaded guilty under and by virtue of the inducement, it would seem that it would be only just and right, that when the promises were not complied with, to permit him to withdraw his plea and enter a plea of not guilty."

Attorneys—T. J. Ross and O. D. Eshelman, Cleveland, for McKay; E. C. Stanton, Pros., Cleveland, for State.